[No. 19-40315-2. Division Two. October 2, 1969.]

JAMES R. CARNES *et al., Appellants,* v. GARDNER CLARK, *Respondent.*

*Muscek, Adams, Swayze & Baker* and *Marshall D. Adams,* for appellants.

*Harry Hazel,* for respondent.

PER CURIAM—Plaintiff appeals from a judgment in favor of the defendant.

Plaintiff brought suit on a promissory note purchased by it from the payee. Defendant, the maker of the note, claimed

lack of consideration and thus has made no payment on the note.

 The plaintiff contended it was a holder in due course and as such took free of defendant's lack of consideration defense. It is undisputed that plaintiff purchased the note in good faith and without notice of any defects or defenses. The only issue is whether the note was transferred to the plaintiff by negotiation or assignment. The note was transferred to the plaintiff with the following language on the back thereof:

For Value Received, the right, title and interest of the undersigned in and to the above Installment Note and the indebtedness created thereby are hereby *sold, assigned* and *set over,* with recourse, unto LAKE ACCEPTANCE COMPANY, who is hereby authorized to do every act and thing necessary to collect and discharge said indebtedness.

Dated this 28th day of April, 1965.

Media Representatives Int., Inc. (Seal)
By [signed] Bill McCormick
President.

(Italics ours.)

The Supreme Court has held in *Wilson v. Pearce,* 57 Wn.2d 44, 355 P.2d 154 (1960) that similar words of transfer on the back of a promissory note constituted an assignment and not an endorsement.

We note that the *Wilson* case and the case at bar arose before adoption of the Uniform Commercial Code. It is clear that RCW 62A.3-202(4) rejects the *Wilson v. Pearce* rationale.

We are of the opinion that the rule enunciated in *Wilson* is controlling under the specific circumstances of this case.

Accordingly, the judgment of the trial court is affirmed.